UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATONYA JOHNSON,

        Plaintiff,

vs.

FORMAN MILLS,

        Defendant.

_____/

No. 13-10654

District Judge Gerald E. Rosen

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

On February 15, 2013, Plaintiff Latonya Johnson filed a civil complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Before the Court is Defendant Forman Mill's Motion to Dismiss [Doc. #7], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

**I.   FACTS**

[*The Defendant's motion is premised on the argument that Plaintiff's complaint is time-barred. Because it is not necessary to delve into the underlying facts of the complaint to determine its timeliness, the discussion of the facts will be limited to the timeliness issue. The documents substantiating these facts are found in Defendant's Exhibits*]

Plaintiff filed a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC") on September 19, 2011, alleging sexual harassment by her supervisor, and filed an amended charge on December 7, 2011. She indicated that her mailing address was 133 Gerald, Apt. 9, Detroit, MI 48203. She further certified that "I will advise the agencies if I change my address or my phone number...."

The EEOC mailed the Plaintiff two Right to Sue notices at her indicated address of 133 Gerald, on October 3, 2012. In those notices, she was informed that she had the right to commence a lawsuit within 90 days of receipt.

While the initial charge was pending before the EEOC, Plaintiff notified the agency that she was being "represented" by non-attorney Darrow Davis, and requested that Defendant's counsel forward correspondence to 21700 Greenfield Rd., Suite LL20, Oak Park, MI 48237. On October 3, 2012, the EEOC sent the Right to Sue notices to this Greenfield Rd. address, as well as to Plaintiff at the 133 Gerald address.

On February 4, 2013, the EEOC informed Plaintiff by letter that Mr. Davis informed EEOC that Plaintiff had not received copies of her Right to Sue notices. The EEOC enclosed copies of the notices, as well as an envelope that the Postal Service returned to the EEOC as "undeliverable." (There were no envelopes that had been sent to the Greenfield Rd. address that were marked "undeliverable"). This February 14, 2013 correspondence from the EEOC was addressed to 15866 Tuller, Detroit, MI 48238. The EEOC also informed Plaintiff that she would be given an additional 90 days, from the date she received the new notices, to file a lawsuit.

Plaintiff filed her complaint in this Court on February 15, 2013.

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the legal sufficiency of a complaint, the court must first determine whether a complaint contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S.662 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 556 U.S. at 676 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555 (2007)).  Second, the facts that are pled must show a "plausible" claim for relief. *Id*.

## III.   DISCUSSION

Under 42 U.S.C. § 2000e-16(c), a plaintiff must file a federal complaint within 90 days of receiving notification of a final decision from the EEOC.  This is a strict requirement, and failure to file a complaint even one day after the expiration of the 90 days mandates dismissal. *See Peete v. American Standard Graphic*, 885 F.2d 331, 332 (6th Cir. 1989).  *See also Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)(upholding the dismissal of an untimely complaint, the Court stated that "procedural requirements established by Congress for gaining access to the federal courts

are not to be disregarded by courts out of a vague sympathy for particular litigants.").

It is presumed that a plaintiff receives EEOC notification five days after its mailing, and it is on that date that the 90-day limitation period begins to run. *Cook v. Providence Hospital*, 820 F.2d 176, 179 and fn. 3 (6th Cir. 1987). Actual receipt is not required to start the limitations period, *Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 474 (6th Cir. 1986), and a plaintiff's claim of non-receipt is insufficient to rebut the presumption of receipt where the plaintiff has not notified the agency of his or her correct address. *Banks v. Rockwell International N. Amer. Aircraft Operations*, 855 F.2d 324, 325-27 (6th Cir. 1988). Holding that a plaintiff has an "affirmative duty" to inform the agency of a change of address, the Court in *Hunter* stated:

> "In the present case plaintiff failed to notify the EEOC of his change of address. The EEOC sent plaintiff's right-to-sue letter to his address of record. But plaintiff had moved from this address because of an argument with his roommate. Plaintiff obtained his letter from the post office after his former roommate notified him that the postman had attempted to deliver a certified letter to him. We conclude on these facts that plaintiff's ninety day time period began to run five days after the date the EEOC mailed plaintiff's right-to-sue letter to his address of record. Accord 20 C.F.R. § 422.210(c) (1985) (presumes social security claimant receives notice of right-to-sue five days after notice first enters the mail)." 790 F.2d at 475.

The Court then concluded:

> "Our holding is that plaintiff did not receive EEOC notice promptly because he did not notify the EEOC of a change of address and that he may not therefore claim that this ninety day time period is equitably tolled." *Id*.

Erroneous advice from the EEOC does not toll the 90-day period that runs from the agency's initial notice. In *Brown v. Mead Corp.*, 646 F.2d 1163 (6th Cir. 1981), the

EEOC sent plaintiff a Right to Sue letter in 1974, notifying of the requirement to commence suit within 90 days. Four years later, in 1978, the EEOC sent a second notice, stating that the first notice was the "product of an administrative error," and should be disregarded. Plaintiff commenced suit based on the second notice.  The Sixth Circuit held that notwithstanding any internal error at the EEOC, the first notice was valid, and the limitations period ran from 1974, not 1978. *Brown* cited and relied on *Cleveland v. Douglas Aircraft Co.*, 509 F.2d 1027 (9th Cir. 1975), stating:

> "The keystone of appellant's argument is her claim that the first notice of right to sue was a nullity. Stressing this point, she attempts to distinguish precedents in which there were two notices, but the first was valid. In *Cleveland v. Douglas Aircraft Co.*, 509 F.2d 1027 (9th Cir. 1975) (per curiam), the EEOC issued two right-to-sue letters to the plaintiff. The plaintiff had commenced suit on the basis of the first but then had dismissed it voluntarily when the EEOC advised him that he could dismiss his action to give the agency an opportunity fully to process his case. When the second notice was issued and suit was brought, the court upheld the decision that the statutory period ran from the issuance of the first notice and that plaintiff's claim now was barred, despite his good faith reliance on the advice from the EEOC.
>
> Specifically, the court expressed concern that, '(t)o accept the EEOC's action in issuing the second letter as proper would vitiate the congressionally mandated period of limitation in favor of a hodgepodge of ad hoc determinations by the EEOC.' *Cleveland*, 509 F.2d at 1030. While it is true that the initial notice issued in *Cleveland* was not determined to be invalid, the legitimate concern for avoiding variations in the statutory scheme caused by inconsistency within the EEOC is applicable to the case before us." *Brown*, at 1165-66.

*See also Dougherty v. Barry*, 869 F.2d 605 (D.C. Cir. 1989).

In this case, Plaintiff was sent the Right to Sue notices on October 3, 2012.  They were mailed to the address she provided to the EEOC, and they were also mailed to her

non-attorney representative, at the address on Greenfield Rd. that she provided to Defendant's counsel. Therefore, the 90-day period began to run five days later on October 8, 2012, and the last day she could file her complaint was January 6, 2013. She did not file her complaint until February 15, 2013. She is not entitled to equitable tolling of the limitations period because she did not provide the EEOC with her new address, *Hunter, supra*, and again, the notices were also mailed to the Greenfield Rd. address she had provided. That the EEOC erroneously told her that she would have the benefit of a new 90-day period is irrelevant. Under *Brown* and *Cleveland*, the Court should not and cannot delve into the internal vagaries of the EEOC; the Congressional mandate is clear that the Plaintiff was required to file within the 90-day period of the first notice. She did not. Defendant is entitled to dismissal.

### IV.    CONCLUSION

For these reasons, I recommend that Defendant's Motion to Dismiss [Doc. #7] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this

Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: March 5, 2014                    s/ R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 5, 2014, electronically and/or by U.S. Mail.

                                        s/Michael Williams
                                        Case Manager for the
                                        Honorable R. Steven Whalen